By the Court.
We are of the opinion that the suit cannot be maintained, for the reason that the objects of the association were contrary to public policy, and in no way to be aided by the courts. No recovery can be had except by giving effect to the terms of the agreement. The action is, in substance, a suit against the association to recover a sum due the plaintiff under the terms on which the association was formed. The committee represent the association, and a judgment against them is a judgment against .it. If, as claimed by the defendants, a member could not withdraw from the association until the six years had expired, then the committee, as representing the association, bad a defense on which they might have relied, had the objects of the association been perfectly legitimate. But should a court be called on to consider any defense, so long as the claim itself is based upon an agreement to which it can give no countenance ? It must be observed that the withdrawal of the plaintiff was not at a time, nor under circumstances, that could give to it the merits of repentance. It had passed beyond where it might, by withdrawal, have secured the aid of a court in recovering what it had advanced in furtherance of an illegal object. Its suit is to recover its portion of the ill-gotten gains. The case of Norton v. Blinn, 39 Ohio St. 145, *323 can have no application here, for this is a suit between parties to enforce the terms of the illegal agreement. See, Texas & P. Ry. Co. v. Southern Pac. Ry. Co., 6 Southern Reporter, 888, where Broolcs v. Martin, 2 Wall. TO, is accurately distinguished, and shown to have no application to a case such as this.
Judgment reversed, and petition of plaintiff below dismissed.